JEFFREY H. WOOD
Acting Assistant Attorney General
TERRY M. PETRIE, Attorney
ROMNEY S. PHILPOTT, Senior Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1810
Terry.Petrie@usdoj.gov; Romney.Philpott@usdoj.gov

STEVEN W. MYHRE
Acting United States Attorney
TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
troy.flake@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                         )<br>            Plaintiff,                           )<br>                                                         )<br>     v.                                              )<br>                                                         )<br>CLIVEN BUNDY,                            )<br>                                                         )<br>            Defendant.                       )<br>_____) | Case No: 2:98-cv-00531-LRH-VCF<br><br>**RESPONSE TO DEFENDANT'S MOTION TO RE-OPEN, SET ASIDE AND VACATE** |

**TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ................................................................... 1

LEGAL STANDARDS ................................................................................................................ 3

ARGUMENT ................................................................................................................................. 3

    A.    The 2013 Order Cannot be Vacated Under Rule 60(b)(4) ...................................... 3

    B.    The 2013 Order Is Not Impermissibly Vague Under Rule 65(d) .......................... 5

    C.    There is No Basis for Vacating the 2013 Order Under Rule 60(b)(5) ................... 6

    D.    Equitable Estoppel does not Apply ........................................................................ 8

    E.    Defendant identifies no extraordinary circumstances required under Rule 60(b)(6) ................................................................................................................. 10

    F.    Defendant's Motion Must be Denied as Untimely ............................................... 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Ariz. Water Conservation Dist. v. United States*,
  32 F. Supp. 2d 1117 (D. Ariz. 1998) ................................................................................ 9

*Ashford v. Stewart*,
  657 F.2d 1053 (9th Cir.1981) ........................................................................................ 10

*Cadwalder v. United States*,
  45 F.3d 297 (9th Cir. 1995) ........................................................................................... 10

*Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*,
  249 F.2d 277 (9th Cir.1957) ............................................................................................ 9

*Gonzalez v. Crosby*,
  545 U.S. 524 (2005) .................................................................................................. 3, 10

*Int'l Longshoremen's Ass'n. v. Phila. Marine Trade Ass'n*,
  389 U.S. 64 (1967) ........................................................................................................... 6

*Jones v. Ryan*,
  733 F.3d 825 (9th Cir. 2013) ........................................................................................... 3

*Klump v. United States*,
  38 Fed. Cl. 243 (1997) ..................................................................................................... 8

*Lehman v. United States*,
  154 F.3d 1010 (9th Cir. 1998) ................................................................................... 9, 10

*Lemoge v. United States*,
  587 F.3d 1188 (9th Cir. 2009) ....................................................................................... 10

*Schmidt v. Lessard*,
  414 U.S. 473 (1974) ......................................................................................................... 6

*United States v. Berke*,
  170 F.3d 882 (9th Cir. 1999) ........................................................................................... 3

*United States v. Bundy*,
  No. 2:12-cv-804-LDG, 2013 WL 3463610 (D. Nev. July 9, 2013) ............................... 2

*United States v. Holtzman*,
  762 F.2d 720 (9th Cir. 1985) .................................................................................. 4, 5, 7

*United Student Aid Funds, Inc. v. Espinosa*,
  559 U.S. 260 (2010) ......................................................................................................... 3

*Watkins v. United States Army*,
  875 F.2d 699 (9th Cir.1989) ............................................................................................ 9

*Zamani v. Carnes*,
  491 F.3d 990 (9th Cir. 2007) ........................................................................................... 6

**Statutes**

28 U.S.C. § 1331 .................................................................................................................... 4

28 U.S.C. § 1345 .................................................................................................................... 4

**Rules**

Fed R. Civ. P. 60(b)(5) ........................................................................................................... 6

Fed. R. Civ. P. 60(b)(4)-(6) .................................................................................................... 3

Fed. R. Civ. P. 60(c)(1) ........................................................................................................ 10

Fed. R. Civ. P. 65(d)(1) .......................................................................................................... 5

Fed. R. Civ. P. 70(a) .............................................................................................................. 8

**Regulations**

43 C.F.R. § 4130.5 ................................................................................................................. 9

43 C.F.R. § 4150.4 ............................................................................................................. 5, 8

43 C.F.R. § 4150.4-1 .............................................................................................................. 8

43 C.F.R. §4150.4-2 ............................................................................................................... 8

43 C.F.R. §§ 4150.4-1-5 ........................................................................................................ 5

Defendant Cliven Bundy ("Defendant") seeks to vacate an order that this Court issued four years ago enforcing an injunction against him. ECF No. 61. The injunction required him to remove his cattle from certain lands owned and managed by the Federal Government, but Defendant never complied and remains in violation of the injunction to this day. Defendant does not explain why he waited four years to pursue this relief, nor has he shown the extraordinary circumstances necessary to prevail under Rule 60. Accordingly, his motion to vacate the injunction should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The United States filed this action in 1998 to permanently enjoin Defendant from trespassing on federal land formerly known as the Bunkerville Allotment (the "Allotment"). ECF No. 1. This Court issued an order recognizing that the Allotment is property of the United States, and that Defendant had been trespassing on it since 1993. ECF No. 19 at 10. The Court permanently enjoined Defendant from grazing his livestock on the Allotment, ordered him to remove the livestock by November 30, 1998, and directed him to pay damages to the United States in the amount of $200 per day for each animal remaining on the Allotment after November 30, 1998. ECF No. 19. The Ninth Circuit Court of Appeals upheld that order on July 22, 1999. ECF Nos. 42 & 43.

Defendant did not comply with the 1998 Order. As a result, in 1999, the United States presented evidence of continuing trespass and moved to enforce the 1998 injunction. This Court granted the motion, ordered Defendant to remove his livestock as previously directed, and ordered him to pay a modified level of damages. ECF No. 45 (1999 Order). Defendant ignored this second Order as well.

The United States reached out to Defendant on numerous occasions in an attempt to bring his trespass to a close without further intervention by this Court. *See* ECF No. 50-2 at 1-9

---

[1] The sensationalized factual background in Defendant's Memorandum of Points and Authorities is not attributed to any supporting document; it is instead attributed in large part to "information and belief."

1

(Declaration of Mary Jo Rugwell, ¶¶ 14, 17, 20-22, 24, 27). It sent various administrative notices alerting Defendant of his trespass, and even tried to obtain Defendant's cooperation in 2012 by offering, through the Clark County Sheriff, to gather and ship the trespassing cattle to a facility of his choice for sale, and to provide him all the proceeds from the sale. Defendant rejected the offer and warned the contractor for the proposed gather that "there is a volatile situation currently taking place." *Id.* ¶ 31.

The United States ultimately sought intervention from this Court a third time and, in April 2013, moved to enforce the 1999 Injunction against Defendant. ECF No. 50.[2] This Court granted that motion on October 9, 2013 (2013 Order), and specifically directed that: (1) "Bundy is permanently enjoined from trespassing on the former Bunkerville Allotment;" (2) "the United States is entitled to protect the former Bunkerville Allotment against this trespass, and all future trespasses by Bundy;" (3) "Bundy shall remove his livestock from the former Bunkerville Allotment within 45 days of the date hereof, and . . . the United States is entitled to seize and remove to impound any of Bundy's cattle that remain in trespass after 45 days of the date hereof;" (4) "the United States is entitled to seize and remove to impound any of Bundy's cattle for any future trespasses, provided the United States has complied with the notice provisions under the governing regulations of the United States Department of the Interior;" and (5) "Bundy shall not physically interfere with any seizure or impoundment operation authorized by this Court's Order." ECF No. 56 at 5-6.

Defendant did not seek clarification or reconsideration of the 2013 Order. As with the prior orders, he simply ignored it. Thus, in early 2014, the government commenced impoundment operations. But Defendant and others interfered with those operations, and federal officers implementing the gather ultimately abandoned their efforts citing fear for their

---

[2] In 2012, the United States initiated a second case, where it sought relief from Defendant's grazing of cattle in lands surrounding the Allotment, including the Lake Mead National Recreation Area (referred to in that case as the "new trespass lands"). *See United States v. Bundy*, No. 2:12-cv-0804-LDG (D. Nev. May 14, 2012), ECF No. 1 (complaint regarding new trespass lands). In July 2013, U.S. District Judge Lloyd George ordered Defendant to permanently remove his cattle from the new trespass lands within 45 days. *See United States v. Bundy*, No. 2:12-cv-804-LDG, 2013 WL 3463610 (D. Nev. July 9, 2013).

safety and the safety of others. *See United States v. Bundy*, 2:16-cr-46-GMN, CR 27 (superseding indictment), at 11-36. Now Defendant seeks to vacate the 2013 Order, over four years after its issuance, and despite never having complied with its terms. ECF No. 61.

## LEGAL STANDARDS

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). As relevant here, a prior order or judgment may be reconsidered under Rule 60(b) if: "(4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4)-(6).

## ARGUMENT

**A. The 2013 Order Cannot be Vacated Under Rule 60(b)(4).**

Rule 60(b)(4) authorizes a court "to relieve a party from a final judgment if "the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (footnote omitted). But void judgments are rare. "A judgment is not void, for example, simply because it is or may have been erroneous." *Id.* (internal quotation marks omitted). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

In this case, Defendant cannot credibly argue that the Court "lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound . . . ." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999). To the contrary, this Court "has stated unequivocally on numerous occasions that it has jurisdiction to hear this case . . . ." ECF No. 56 at 5 & n.4. Similarly, Defendant cannot credibly argue that he was deprived of notice and a fair opportunity to respond to Plaintiffs' motion, given that he fully participated in the underlying proceedings,

3

including by filing a 31-page opposition to the United States' 2013 Motion to Enforce. ECF No. 53.

Instead, Defendant argues that an injunction may be deemed void for purposes of Rule 60(b)(4) "where its parameters are vague or indecipherable or where it is based on misinterpretation of the law or issued outside lawful authority." ECF No. 61 at 9. This is not the correct legal standard, however, and the case Defendant cites for this proposition does not support his argument. The court in *United States v. Holtzman* did not broadly enlarge the circumstances where a court could find a judgment void under Rule 60(b)(4) beyond those identified by the Supreme Court in *Espinosa*. *See* 762 F.2d 720, 724 (9th Cir. 1985). The court instead simply remarked: "An argument can be made that a judgment is void if a court plainly misinterprets the scope of a statutory grant of jurisdiction such that there is a blatant usurpation of power." *Id*.

*Holtzman* has no bearing here because Defendant cannot show that this Court "plainly" misinterpreted or exceeded its jurisdiction. As this Court recognized in its November 4, 1998 Order, 28 U.S.C. § 1331 provides the district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1345 provides district courts with original jurisdiction over all civil actions, suits or proceedings commenced by the United States. *See* ECF No. 19 at 4. This Court, therefore, plainly had jurisdiction to resolve the United States' claims for trespass under the Federal Land Policy and Management Act and the Property Clause of the U.S. Constitution. *Id*. at 5, 7-8. And, because "federal courts do not depend upon a specific delegation of power to issue injunctions in cases over which they otherwise have subject matter jurisdiction," this Court was well within its authority to enforce and modify the 1999 injunction in 2013, based on the evidence before the Court at that time. *Holtzman*, 762 F.2d at 724. In sum, there is no basis for Defendant's assertion that the 2013 Order is void.

**B. The 2013 Order Is Not Impermissibly Vague Under Rule 65(d).**

Defendant next argues that the 2013 Order should be vacated because it is impermissibly vague under Rule 65(d) of the Federal Rules of Civil Procedure. *See* ECF No. 61 at 8. That Rule provides that an order granting an injunction must state why it is being issued, state its terms specifically, and describe in reasonable detail the act or acts restrained or required. Fed. R. Civ. P. 65(d)(1). However, "[i]njunctions are not set aside under rule 65(d) . . . unless they are so vague that they have no reasonably specific meaning." *Holtzman*, 762 F.2d at 726.

Defendant contends that the 2013 Order violated Rule 65(d) because it was "fundamentally boundless." ECF No. 61 at 9. Defendant's arguments, however, cannot be squared with the plain text of the Order, as the injunction in this case could hardly be more clear. First, it states that Defendant is permanently enjoined from trespassing on the Allotment, and directs him to remove his livestock—statements so plain that Defendant does not even attempt to challenge them. ECF No. 56 at 5. And second, it recognizes that the United States is entitled to "seize and remove to impound" any cattle that remain on the former Allotment or that may trespass upon the Allotment in the future. *Id.* Far from conferring "boundless" authority upon BLM, this part of the 2013 Order simply memorializes BLM's pre-existing regulatory authority to seize and impound unauthorized livestock upon complying with regulatory notice requirements. *See* ECF No. 56 at 3 (listing relevant regulations); *id.* at 5 (confirming that the United States must comply with the notice provisions in governing regulations prior to seizing and removing and impounding any trespassing cattle in the future).[3]

Notwithstanding the above, Defendant argues that the 2013 Order must have been vague because, in his view, the federal officials executing the gather and impoundment seemed to *believe* they had limitless authority. *See* ECF No. 61 at 8-9. This argument fails, in part, because Defendant failed to provide any evidence bearing on BLM's subjective interpretation of

---

[3] Insofar as Defendant complains that BLM expansively interpreted the Order as authorizing it to also transport and sell the impounded cattle, Defendant is mistaken. The authority for those actions flowed from BLM's regulations, not the 2013 Order. *See* 43 C.F.R. §§ 4150.4, 4150.4-1 to -5.

5

the Order. It also fails because the terms of the Order have a "reasonably specific meaning" on their face, *see Holtzman*, 762 F.2d at 726, and no extrinsic evidence was required to give meaning to those terms. More fundamentally, however, insofar as Defendant complains of the portions of the 2013 Order bearing on *BLM's* actions, the policy concerns animating Rule 65(d) simply do not apply. The specificity requirements of Rule 65(d) were "designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam) (citations omitted). Consistent with *Schmidt*, Rule 65(d) requires that courts frame their injunctions "so that *those who must obey them* will know what the court intends to require and what it means to forbid." *Int'l Longshoremen's Ass'n. v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (emphasis added). Because the portions of the 2013 Order bearing on BLM's actions do not require or forbid anything of Defendant, he has no basis for challenging them under Rule 65(d).

In sum, there is no basis for Defendant's assertion that the 2013 Order is impermissibly vague, and his motion to vacate the injunction on that ground must be denied.

**C. There is No Basis for Vacating the 2013 Order Under Rule 60(b)(5).**

Defendant also argues that the 2013 Order should be vacated under Rule 60(b)(5) because it has been "satisfied." ECF No. 61 at 10. Of relevance here, a court may relieve a party from final judgment on "just terms" if "the judgment has been satisfied, released or discharged . . . ." Fed R. Civ. P. 60(b)(5). "The 'satisfied, released, or discharged' clause of Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount." *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(5)).

Despite invoking this provision in Rule 60(b)(5), Defendant makes no attempt to show that the terms of the 2013 Order have been satisfied. That Order directed him to remove his cattle from the relevant Public Lands within 45 days, but he has not done so. And Defendant

6

has consistently maintained that he will not comply with the Order because—in his view—the BLM lacks any authority to regulate the Allotment. *See*, *e.g.*, ECF No. 61 at 13 (arguing that the State of Nevada and its citizens should not be regulated by the United States government through its agencies); ECF No. 53 at 15 (arguing that the United States does not hold title to Public Lands). Defendant's theories have no grounding in law, and this Court has rejected them on numerous occasions; but his insistence on those views and his express intent to continue flouting BLM regulations shows that the 2013 Order remains as necessary today as the day it was issued.[4]

Defendant next asserts that BLM damaged his alleged range improvements during the 2014 gather, and that this should somehow offset Defendant's debt to BLM for unpaid grazing fees and other penalties, but this argument is legally and factually flawed. It is legally flawed because the 2013 Order does not direct Defendant to make a monetary payment, and because Defendant's obligation under the 2013 Order to remove his cattle from the Allotment could not be satisfied by a monetary payment in any event.[5] And it is factually flawed because BLM canceled Defendant's range improvement permit for the Allotment in 2008. *See* ECF No. 50-2 at 5, 31. Thus, even assuming BLM damaged some unauthorized range improvements in the course of the 2014 gather, this would have no effect on Defendant's ongoing obligation to comply with the 2013 Order.

Finally, Defendant seems to argue in this context that the 2013 Order is flawed because the Court created a "fundamental conflict of interest" when it designated the BLM to seize, remove, and impound Defendant's cattle. ECF No. 61 at 10. But this argument does nothing to

---

[4] In addition to his many statements throughout the course of this litigation denying the United States' ownership or regulatory authority over the Allotment, Defendant's brief here makes plain that he wants the injunction vacated so he can continue grazing his cattle on the Allotment without a federal grazing permit. *See* ECF No. 61 at 13-14 (arguing that Defendant should not be regulated by the United States because "Bundy cattle have been a natural component of the rangelands around the Bunkerville area for generations upon generations throughout years and years").

[5] The injunction issued in 1999 does order Defendant to pay damages to BLM, but Defendant does not challenge that injunction here. *See* ECF No. 45.

7

further Defendant's position that the 2013 Order was satisfied, nor does it have any bearing on any other element of Rule 60(b)(5). And even if the Order *were* somehow flawed on this basis, that would not justify vacating the Order, for reasons explained above. *See Holtzman*, 762 F.2d at 724 ("A judgment is not void merely because it is erroneous.") (citation omitted).

It nonetheless bears noting that when a party fails to do what an injunction requires of it, district courts have explicit authority to direct a third party to undertake that action at the enjoined party's expense. Fed. R. Civ. P. 70(a). This Court, therefore, was well within its authority to designate BLM to seize, remove, and impound Defendant's cattle. Moreover, far from being an abuse of discretion, the decision to designate BLM in this role—rather than the U.S. Marshals or some other entity—was eminently reasonable because BLM is charged by Congress with managing the Public Lands at issue here, and BLM's regulations authorize it to seize, remove, impound and even dispose of livestock found in trespass on Public Lands, independent of this Court's injunction. *See* 43 C.F.R. §§ 4150.4, 4150.4-1, 4150.4-2; *see also Klump v. United States*, 38 Fed. Cl. 243 (1997) (holding that the United States did not commit a taking under the Fifth Amendment when it impounded cattle as a sanction for unauthorized grazing on federal lands). Defendant, in short, has provided no basis for vacating the injunction under Rule 60(b)(5).

**D. Equitable Estoppel does not Apply**

Defendant contends that the government should be estopped from "enforcing the order" because, "for more than a decade after the 1999 order, the government allowed Bundy to make hundreds of thousands of dollars of improvement on the land." ECF No. 61 at 11. This argument also fails, for numerous reasons. As an initial matter, there is no pending motion to enforce that court order. It appears instead that Defendant's argument is directed at the United States' April 2013 Motion to Enforce, ECF No. 50, which this Court granted over four years ago. ECF No. 56. Defendant timely presented estoppel arguments in response to that motion, ECF No. 53 at 11, and this Court rejected them. There is no legally cognizable reason to revisit the issue here.

8

The argument also fails because Defendant makes no attempt to satisfy the relevant legal standard. In order to be entitled to equitable estoppel, a litigant must show that:

> (1) the party to be estopped knows the facts, (2) he or she intends that his or her conduct will be acted on or must so act that the party invoking estoppel has a right to believe it is so intended, (3) the party invoking estoppel must be ignorant of the true facts, and (4) he or she must detrimentally rely on the former's conduct.

*Lehman v. United States*, 154 F.3d 1010, 1016-17 (9th Cir. 1998) (citation omitted). And when estoppel is sought against the United States, the party invoking estoppel must also show that the United States "engaged in affirmative conduct going beyond mere negligence . . . ." *Id.* (internal quotation marks and citation omitted); *Watkins v. United States Army*, 875 F.2d 699, 707 (9th Cir.1989) (en banc). The factual predicate for all of these factors "must be demonstrated by 'clear, convincing, and satisfactory evidence.'" *Cent.. Ariz. Water Conservation Dist. v. United States*, 32 F. Supp. 2d 1117, 1138 (D. Ariz. 1998) (quoting *Cedar Creek Oil & Gas Co. v. Fidelity Gas Co.*, 249 F.2d 277, 281 (9th Cir.1957)).

Defendant attempts to satisfy these elements by arguing that he made hundreds of thousands of dollars worth of improvements on the Public Lands based on a "good faith understanding that the United Sates recognized [his] grazing rights." ECF 61 at 11. That assertion is disingenuous and belied by the record. The record here shows that BLM has consistently informed Defendant that he has no right to graze his cattle on the lands in question. Significantly, BLM sought judicial intervention on three occasions in this case alone—in 1998, 1999, and 2013—and in all three instances obtained orders informing Defendant that his cattle are in trespass. BLM also advised Defendant of his trespass status through numerous administrative actions and communications, including a trespass notice in 1993, *See* ECF No. 19 at 2, the cancellation of his grazing permit in 1994, *see id.* at 3, the cancellation of his range improvement authorizations in 2008, ECF No. 50-2 at 1-9, ¶12, a trespass order to remove unauthorized range improvements in 2012, *id.* ¶27, and numerous other administrative notices and orders. *See* ECF No. 50-2 at 1-9, ¶¶ 17, 20-23, 27. Defendant cannot credibly assert that he

9

was misled, that he was ignorant of his trespass status, or that he believed he was authorized to construct and maintain range improvements to support his trespass grazing.

Defendant's estoppel argument is not aided by his reliance on statutory and regulatory provisions providing for the free grazing of livestock kept for domestic purposes. *See* ECF No. 61 at 11-12 (citing 43 C.F.R. § 4130.5). Defendant's argument fails because the Ninth Circuit has made clear that the alleged failure to provide legal advice is not a proper basis for estoppel. *Lehman*, 154 F.3d at 1017; *Cadwalder v. United States*, 45 F.3d 297, 299-300 (9th Cir. 1995). More fundamentally, the referenced legal authorities plainly apply only to livestock kept for domestic purposes where the livestock's "products or work are used directly and exclusively by the applicant and his family"; they are inapplicable to commercial livestock operations such as the one at issue here, and thus provide no support for Defendant's argument.

**E. Defendant identifies no extraordinary circumstances required under Rule 60(b)(6)**

Rule 60(b)(6) allows relief from judgment "for any other reason that justifies relief," but the Supreme Court has emphasized that only "extraordinary circumstances" justify reopening a final judgment under this Rule. *Gonzalez*, 545 U.S. at 535. Defendant argues that "extraordinary circumstances" exist here because the 2013 Order is "unenforceable," as evidenced by the United States' inability to gather and impound the cattle in April 2014. ECF No. 61 at 13. What Defendant omits, however, is that the United States was unable to gather and impound his cattle because Defendant mobilized an armed resistance. *See United States v. Bundy*, 2:16-cr-46-GMN, CR 27 (superseding indictment), at 11-36. The 2013 Order specifically prohibited Defendant from interfering with any seizure or impoundment of his cattle, but he did so anyway. Now Defendant asks this Court to reward that behavior by vacating its injunction. That request should and must be denied.

**F. Defendant's Motion Must be Denied as Untimely**

Defendant's motion to vacate the 2013 Order should also be denied because it is untimely. A motion under Rule 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' depends upon the facts of each case, taking into

10

consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 F.3d 1188, 1196–97 (9th Cir. 2009) (quoting *Ashford v. Stewart*, 657 F.2d 1053, 1055 (9th Cir.1981) ( per curiam)).  In this case, Defendant makes no effort to explain why he delayed over four years in seeking relief from the 2013 Order, and he identifies no grounds for the requested relief that were not already known to him as of 2014.  The motion should be denied on this additional basis as well.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion to Reopen, Set Aside, and Vacate Orders Pursuant to Rule 60(b).


Respectfully submitted December 22, 2017.

    JEFFREY H. WOOD
    Acting Assistant Attorney General
    Environment and Natural Resources Division

    *s/ Romney S. Philpott*
    ROMNEY PHILPOTT
    TERRY PETRIE
    Trial Attorneys

    STEVEN W. MYHRE
    Acting United States Attorney
    TROY K. FLAKE
    Assistant United States Attorney

    *Attorneys for the United States*

## CERTIFICATE OF SERVICE

I, Romney S. Philpott, certify that Plaintiff's **RESPONSE TO DEFENDANT'S MOTION TO REOPEN, SET ASIDE, AND VACATE** was served this date on all parties via the Court's Electronic Case Filing system.

Dated this 22nd day of December, 2017.

*/s/ Romney S. Philpott*
ROMNEY S. PHILPOTT