ROGER I. ROOTS, ESQ.
Attorney at Law
Pro Hac Vice*
Rhode Island Bar No. 6752
113 Lake Drive East
Livingston, MT 59047
Tel: (406) 224-3105
Email: rogerroots@msn.com
Attorney for Defendant, Cliven D. Bundy

ROBERT O. KURTH, JR.
Nevada Bar No. 4659
**KURTH LAW OFFICE**
3420 North Buffalo Drive
Las Vegas, NV 89129
Tel: (702) 438-5810
Fax: (702) 459-1585
E-mail: kurthlawoffice@gmail.com
NV Resident Attorney for Defendant,
Cliven D. Bundy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CLIVEN D. BUNDY,<br>Defendant. | CASE NO.: 2:98-cv-00531-LRH-VCF<br>REPLY TO THE GOVERNMENT'S<br>DECEMBER 22 RESPONSE |

**COMES NOW** Defendant Cliven D. Bundy, by and through Counsel, with this Reply to the Government's December 22, 2017 response (ECF # 67) regarding Defendant's Motion to Re-Open, Set Aside and Vacate**.**

1

The Government begins its Response with statements that Cliven Bundy "simply ignored" this Court's October 9, 2013 order. Of course a court order is a source of law like other sources of law such as statutes, treaties and provisions of the State and national Constitutions. Cliven Bundy, acting *pro se* at the time, could only evaluated the order in the context of his knowledge of other sources of law.[1]

It might be more appropriate to say that <u>the Government simply ignored</u> this Court's orders as much as did Cliven Bundy, or treated the orders as something of a blank check to run roughshod over Bundy and his ranch across multiple dimensions. The very Declaration of BLM District Supervisor Mary Jo Rugwell cited by the Government evidences efforts by the BLM to alter, ignore or amend the court orders on-the-spot in extrajudicial negotiations.[2]

---

[1] It has always been Mr. Bundy's position that his cattle ranching operation is completely lawful according to state and federal law As Mr. Bundy pointed out continuously in the pleadings of this case, Bundy's interpretation appears to be most consistent with the plain text of Aricle I, Section 8, Clause 17 and Article 4 of the Constitution, along with the relevant provisions of the Treaty of Guadelupe Hidalgo and the various treaties and enactments of Congress and the State of Nevada regarding ownership of the lands in question. In any case, the orders in this case were at one time in conflict with court orders in force in another case in the U.S. District of Nevada, which continues to be actively litigated on appeal. *See United States v. Estate of Hage*, 2013 U.S. Dist. LEXIS 74023, 2013 WL 2295696 (D. Nev. May 24, 2013), *vacated in part*, 810 F.3d 712 (9th Cir. 2016), and *rev'd in part*, 632 Fed. Appx. 338, 2016 WL 209847 (9th Cir. 2016).

[2] At paragraph 28 of Rugwell's 2013 declaration, ECF 50-2, Rugwell states:

> Prior to beginning the actual impoundment operation, we worked through the Clark County Sheriff to make an offer to Mr. Bundy. The offer involved the BLM gathering all of the cattle currently grazing in trespass on federal lands, shipping them to the facility of his choice, and giving Mr. Bundy the proceeds from the

The Government's response also references the criminal litigation against Bundy in this District (case #2:16-cr-00046), claiming Bundy "and others interfered with those operations, and federal officers . . . ultimately abandoned their efforts citing fear for their safety and the safety of others." Of course, the Government's words were written before the Chief Judge of this District dismissed the criminal case due to flagrant prosecutorial and FBI misconduct in the case. <u>Bundy stands innocent of any offenses in this matter</u>.

### I.   THE COURT ORDERS ARE VAGUE, AND ITS VAGUENESS IS EVIDENCED BY THE EXECUTION OF THE ORDER IN 2014.

Defendant pointed out, in his Rule 60(b) motion, that the officials tasked with executing the 2013 court orders had difficulty discerning the orders' parameters.  Executing officials barricaded hundreds of thousands of acres of land, erected First Amendment zones, engaged in wide-scale surveillance, enlisted undercover informants to entice the Bundy family into violence, and tore up hundreds of thousands of dollars' worth of water-right improvements.

The line of cases dealing with 'general warrants' may be the most applicable.  Where a court order or warrant gives *carte blanc* authority to officials

---

sale of his livestock in exchange for achieving the goal of safely removing the cattle from the public lands and resolving the trespass. Mr. Bundy refused the BLM's offer to assist him in gathering and transporting his livestock so they could be removed from the federal lands.

3

to rummage without limit in peoples' affairs, such general warrants are *void ab initio*. See *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (holding a general warrant is one that authorizes a "general, exploratory rummaging in a person's belongings").

The Government's response argues that Defendant "failed to provide any evidence bearing on BLM's subjective interpretation of the Order." But subjective intent or interpretation are notoriously evasive, and are rarely found openly stated in memos or press releases. *See International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 & n.44 (1977) (discussing the difficulty of finding explicit discriminatory intent, and noting that a factfinder must look at inferences drawn from the way actors responded to different options). In this case the seemingly-limitless authority under which the 2014 agents executed the orders belies the Government's claims that the orders were simple or sufficiently specific.

## II. THE ORDER HAS BEEN SATISFIED DUE TO OFFSETS CAUSED BY BLM DAMAGE TO BUNDY WATER AND RANGE IMPROVEMENTS IN 2014

The Defendant's Rule 60(b) motion was accompanied by an attached affidavit of Dr. Angus McIntosh, who observed that Bundy's range and water improvements had been damaged and vandalized by the BLM in April 2014 to the tune of several hundred thousand dollars. This dollar amount of damages offsets any claims of fee arrearages asserted by the Government, even if all of Bundy's

jurisdictional arguments are wrong and all of the Government's arguments are correct.

In response the Government claims that Bundy's offset argument is "legally flawed because the 2013 Order does not direct Defendant to make a monetary payment, and because Defendant's obligation under the 2013 Order to remove his cattle from the Allotment could not be satisfied by a monetary payment in any event."

The Government's arguments here are belied by the Government's factual assertions elsewhere.  It is noteworthy that Terry M. Petrie (one of the Attorneys for the Government in this matter) was a witness for the prosecution in *United States v. Bundy*, 2:16-cr-00046 on July 20, 2017, where he gave trial testimony which was quite different from the Government's assertions here.

In response to the juror question: "If Bundy would have paid grazing fees continuously, would there have been no trespassing charges?" Petrie gave the following response:

> THE WITNESS:  I hesitate only because I realize I'm kinda speculating.  But there's a form of logic that says that if he's paid the fees that's required to hold the permit and he's in compliance with the terms of the permit then there would not have been trespass charges. . . .

It should be noted that the "trespass charges" discussed here were the civil 'trespass' claims made in this civil case resulting in summary judgment against Bundy.

Thus, the Government maintained (in the recent criminal prosecution of Bundy codefendants Parker, Drexler, Stewart and Lovelien) that the only (or virtually the only) barrier to the Government's approval of Bundy grazing on the Allotment were Bundy's nonpayment of fees. And the dollar amounts of damages caused by the Government in 2014 more than offset any arrearages or back fees alleged by the Government.

In any case, an evidentiary hearing is necessary to present and sift through the facts of this matter. Bundy has more than met his prima facia burden of showing that the orders in question should be set aside and vacated.

### III. THE GOVERNMENT'S CONCEALMENT OF FREE GRAZING FROM BUNDY

The Government's Response to the Defendant regarding the 'free-grazing' provisions of the Taylor Grazing Act is similarly unfounded. The U.S. Code (and the Code of Federal Regulations) make clear that Bundy qualifies for free grazing on the lands in question—even if all of Bundy's constitutional and jurisdictional arguments are meritless.

The Taylor Grazing Act, 43 U.S.C. §315(d), provides that ranchers (such as Bundy) whose base property and residence adjoin public ranges and who need such ranges to support their domestic livestock are entitled to graze such livestock for free.:

> **The Secretary of the Interior shall permit, under regulations to be prescribed by him, the free grazing within such districts of livestock kept for domestic purposes.**

43 C.F.R. §4130.5 provides further details:

> **A free-use grazing permit <u>shall be issued</u> to any applicant whose residence is adjacent to public lands within grazing districts and who needs these public lands to support those domestic livestock owned by the applicant.**

Id. (emphasis added).

The BLM officials in this case were well aware that Bundy qualifies for free grazing of livestock in the district, under federal statutes, yet failed to provide this option to Bundy.

The Government's response calls this an "alleged failure to provide legal advice." But the Ninth Circuit has already ruled that agencies in the position of the BLM have a duty to inform qualifying ranchers of such options

(and such information is hardly "legal advice." *United States v. Wharton*, 514 F.2d 406 (1975).

Then the Response claims that "the referenced legal authorities plainly apply only to livestock kept for domestic purposes," and then argues that Bundy's ranch is a "commercial livestock operation."

But a thorough reading of the statutes, cases and authorities on this question makes clear that the term "domestic," in this context applies precisely to Bundy's cattle operation. Bundy is an actual settler on the land and lives domestically adjacent to his herds. Bundy's cattle are domestic (rather than wild), and his ranch is not a "commercial livestock operation" such as a feedlot.

Here, Bundy's argument could hardly more qualify under the law of equitable estoppel. The federal government misled Bundy into believing he had no options; and deliberately, almost calculatingly, misled Bundy and this Court by repeatedly asserting that Bundy has no rights to use the lands in question while knowing otherwise. Here again, the known facts cry out for an evidentiary hearing.

### IV. THE GOVERNMENT WAITED 13 YEARS TO FILE POST-ORDER MOTIONS IN THIS CASE BUT COMPLAIN THAT DEFENDANT'S MOTION IS UNTIMELY

Finally, the Government argues that the Defendant's motion should be denied as untimely. The Government cites *Lemoge v. United States*, 587 F.3d 1188, 1196-97 (9th Cir. 2009) for the proposition that "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the gorounds relied upon, and prejudice to the other parties." By these very principles, the Defendant's motion is quite timely.

The Government itself is responsible for much of the delay in this case, as it imprisoned Cliven Bundy and insisted that Courts grant Bundy no bail, for a period of 700 days. Indeed Mr. Bundy has even now been out of custody for less than a week.

In comparison, the Government allowed the 1998 and 1999 court orders in this case to lapse for a decade before bringing a motion in 2013 to revive this then-closed case.

In this case, the Defendant's motion <u>could hardly be more timely</u>. Indeed, the climactic events of April 2014, in which hundreds of Americans rallied to demonstrate against the heavy-handedness of the Government's execution of the orders in this case cry out for review by this Court.

RESPECTFULLY SUBMITTED,

/s/ Roger Isaac Roots, esq.
Attorney for Cliven Bundy
*Pro hac vice*

<u>Rober O. Kurth, Jr.</u>
Local Counsel

## CERTIFICATE OF SERVICE

I, Roger Roots, esq., do hereby certify that a true and correct copy of the foregoing pleading was served upon counsel of record, via CM/ECF.

Dated this 12th day of January, 2018

                                        <u>/s/ Roger Roots,</u>

                                        *Counsel for Def. Cliven Bundy*